UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

DEBORAH ANGLEMYER,

    Plaintiff,

vs.

HOLLYWOOD COMMERCIAL, LLC
a/k/a EL RANCHO MOTEL,
a Florida corporation, and MARK
SAADA, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, DEBORAH ANGLEMYER, by and through undersigned counsel, sues the Defendants, HOLLYWOOD COMMERCIAL, LLC a/k/a EL RANCHO MOTEL, (hereinafter, "Company"), and MARK SAADA, individually, (hereinafter, collectively referred to as "Defendants") and alleges as follows:

1. Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff is/was a resident of this judicial district, an employee of the Defendants, sui juris and otherwise within the jurisdiction of this Court.

5. At all times material hereto, Defendant, Company, was the employer or former employer of the Plaintiff and is conducting business in this judicial district and is otherwise an 'employer' under the FLSA.

6. That at all times material hereto, Defendant, MARK SAADA, individually, acted directly in the interests of her employer, the Defendant, Company, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, Company, and is otherwise an 'employer' under the FLSA.

7. At all times material hereto, Defendants were and continue to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

9. Defendants have been at all times material engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.

10. The Plaintiff was hired by the Defendants on June 12, 2015. Throughout Plaintiff's employment, Plaintiff was consistently working between 50-70 hours per week for the Defendants.

11. However, Plaintiff was paid on a salary basis of $300.00 per week.

12. Plaintiff, however, is not exempt as she was not paid the minimum salary threshold to qualify, nor did she have the authority to hire/fire or make decisions of importance to bind the company.

13.     Using the $300.00 per week would establish a regular rate of $7.50 per hour, and an overtime rate of $11.25 per hour for every overtime hour worked.

14.     Fairly averaging Plaintiff's hours at 60 per week, taking these 20 overtime hours per week would total $225.00 owed per week worked.

15.     Plaintiff's employment ended on March 11, 2019.

16.     All records kept by the Defendants were not contemporaneously maintained and repeat the same handwritten times each day, which were required to be completed in this manner by the Defendants.

17.     Rather, Defendants do not possess accurate time records for the Plaintiff.

## COUNT I
## FLSA - COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 above.

18.     Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

19.     By reason of the intentional, willful and unlawful acts of the Defendant, Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, Company for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA–MARK SAADA

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 of

this Complaint.

20.     Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

21.     By reason of the intentional, willful and unlawful acts of the Defendant, MARK SAADA in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, MARK SAADA for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Dated: June 14, 2019.                    Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920